IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GAINES, : | |
|    Plaintiff, : | |
| : | |
| v. : | Case No. 2:22-cv-3853-JDW |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|    Defendants. : | |

### MEMORANDUM

Anthony Gaines has filed a *pro se* Complaint concerning his treatment at the Philadelphia Industrial Correctional Center ("PICC"), including access to the law library and delivery of mail and medicine. For the reasons that follow, the Court will dismiss his Complaint and give him an opportunity to file an amended pleading that states a plausible claim for relief.

**I.  FACTUAL ALLEGATIONS**

Mr. Gaines's Complaint contains many legal-sounding, meaningless allegations that have nothing to do with this case. The Court will ignore them and summarize the relevant allegations. In November 2019, he obtained a court order directing that he be permitted access to the prison law library in his criminal case where he was granted leave to proceed *pro se*. He asserts that he filed a grievance and requests to staff but did not get access to the law library. In August and September 2022, the Major of the Guard at PICC denied him access to the law library after Correctional Officer John Doe of the G-I Unit made numerous phone calls to a John Doe G Unit "Rover" correctional officer. Mr.

1

Gaines claims that there is video evidence of his delivering his grievance. Mr. Gaines claims that the Defendants' failure to comply with the court order and give him law library access caused unspecified injuries.

Mr. Gaines blames several people up the chain of command, including the Warden, the Deputy Warden, the Mayor of Philadelphia, and Philadelphia City Council, for the actions of those who denied him access to the law library and for a lack of training. Mr. Gaines seeks money damages for claims of willful misconduct, abuse of process, negligence, "violation of oath of office," abuse of office, and mental anguish.

Mr. Gaines filed a Complaint on September 26, 2022. Though somewhat hard to parse, it appears to name the City of Philadelphia, the Office of City Council, the Office of the Mayor of Philadelphia, the Philadelphia Department of Prisons, Commissioner Blanche Carney, the Department of Classification, Movement & Records, the Warden of the Curran-Fromhold Correctional Facility ("CFCF"), the Deputy Warden of CFCF, the Warden of PICC, the Deputy Warden of PICC, the Major of the Guard for CFCF, the Major of the Guard for PICC, Lieutenant Albright, Lieutenant Sansom, and various unnamed shift commanders, unit supervisors, and John Doe correctional officers as defendants (collectively "Defendants").  On October 11, 2022, Mr. Gaines filed a Motion for Emergency Relief, asserting that he "has been administrated [sic] and did not have any hearing for a misconduct lodged against him for a search of his cell." (ECF No. 5 at 3.) He also asserts that he is housed in a cell without a working light and must do his legal work by light

coming through a broken and discolored window, his mail and medication have been delivered to an incorrect cell, and he cannot have a pen so he has to write in pencil. He asserts this is retaliation for his filing his Complaint and seeks additional damages and that the Court order him to be transferred to federal custody.

## II.     STANDARD OF REVIEW

### A.     Screening Of Prisoner Complaints

When a Court grants leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court uses the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That familiar standard requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court accepts the facts in the Complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Mr. Gaines is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### B.     Preliminary Injunction

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. A "preliminary injunction is an extraordinary and drastic remedy,

3

one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted) (original emphasis). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019), *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

### III. DISCUSSION

#### A. *In Forma Pauperis*

Mr. Gaines seeks leave to proceed *in forma pauperis* but has not provided a copy of his institutional account statement. His form is also unsigned because he failed to submit the last page. He asserts that prison officials denied him a copy of his account statement and told him that the Court will have to contact the jail to get it. He also asserts

he has $50 in his inmate account as a result of gifts received from friends. The Court will accept Gaines's submissions as substantial compliance with 28 U.S.C. § 1915(a)(2). And, because it demonstrates an inability to pay the fees, the Court will grant him leave to proceed *in forma pauperis*. He will still have to pay the filing fee in installments, regardless of the outcome of this case.

### B.     Plausibility Of Claims

#### 1.     Access to law library

The vehicle to present a constitutional claim is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (same). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quotation omitted).

The Court understands Mr. Gaines's claim that he was denied access to the law library as an "access-to-the-courts" claim under the First Amendment's Petition Clause. *See Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011). A prisoner making an access-to-the-courts claim must show that the denial of access caused actual injury. *See*

*Lewis v. Casey*, 518 U.S. 343, 349 (1996). Mr. Gaines has failed to allege a plausible access-to-courts claim against any named Defendant.

*First*, Mr. Gaines has not alleged that he suffered any actual injury, in the form of some harm to his ability to access the courts in this or any other case, when the Major of the Guard denied him access to the law library. Neither the Major nor any of the Correctional Officers who handled his request can face liability as a result.

*Second*, Mr. Gaines has not alleged plausible claims against any Defendant who supervised the Correctional Officers and the Major, including the Mayor, Commissioner Blanche Carney, the Wardens, Deputy Wardens, shift commanders, unit supervisors, or other Defendants, based on their involvement with his grievance. Participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation. *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*).

*Third*, to the extent that Mr. Gaines asserts claims against these Defendants based on their supervisory roles, Mr. Gaines has not alleged facts to suggest that any of them had any personal involvement in the denial of his law library access, and he would have to do so to sustain such a claim. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).

*Fourth*, to the extent that Mr. Gaines alleges that some or all of the Defendants failed to train correctional officers concerning prison access, that claim also fails. A failure

to train involves four elements: (1) that an existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Mr. Gaines has not alleged any of these elements.

*Fifth*, Mr. Gaines's claim against the municipal defendants, such as the City of Philadelphia, the City Council, the Department of Prisons or the Prison System, and the Department of Classification, Movements, & Records, is not plausible for similar reasons. City agencies like the Department of Prisons and Prison System and the Department of Classification, Movement & Records are not suable entities under Section 1983 because they do not have a separate legal existence. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010). In addition, local governments like the City of Philadelphia can only be liable for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quotation omitted) (original emphasis). To state a claim against a municipality, a plaintiff must identify a municipal policy or custom that caused the claimed constitutional violation. *McTernan v. City of York,* 564 F.3d 636, 657 (3d Cir. 2009). Because Mr. Gaines does not allege that a City policy or custom caused the alleged constitutional violation, his claim against the City of Philadelphia must also be dismissed.

*Sixth*, and finally, Mr. Gaines lists several Defendants for whom he alleges no personal involvement, including the Wardens, Deputy Wardens, and Majors of the Guard

at CFCF and PICC, and Lieutenants Albright and Sansom. Without any allegations of their personal involvement, there cannot be a claim against them.

### 2. Negligent violation of Constitutional rights

To the extent Mr. Gaines seeks to hold any Defendant liable for civil rights violations based on negligence, the claim is not plausible because Section 1983 claims cannot arise from a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 388 (1989).

### 3. State law claims

Because the Court has dismissed Mr. Gaines's federal claims, it will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims, and Mr. Gaines does not allege any other basis for the Court to exercise subject matter jurisdiction over them.

### C. Preliminary Injunction

Mr. Gaines is not entitled to preliminary injunctive relief because he has not alleged that he is suffering irreparable injury or shown that he is likely to prevail on the merits on any of his claims. Neither working in daylight (as opposed to using an artificial light) nor using a pencil instead of a pen denies Mr. Gaines access to the courts. And delivery errors that result in the delivery of his legal mail and medicines do not rise to the level of Constitutional violations.

## IV.    CONCLUSION

The Court will dismiss Mr. Gaines's claims. It will dismiss the claims against the Mayor, the City Council, the Department of Prisons and the Prison System, and the Department of Classification, Movement & Records with prejudice because there is no way to maintain a suit against them. But the Court cannot say for certain that Mr. Gaines could never state a claim against the other Defendants, so the Court will dismiss the claims against them without prejudice and will give Mr. Gaines a chance to file an amended complaint if he can cure the defects the Court has identified. If Mr. Gaines can state a plausible constitutional violation, the Court will then revisit the state law claims. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 21, 2022